**REPUBLIC NATIONAL LIFE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Mrs. Jimmie Leigh TAYLOR,**
Defendant-Appellee,

**Lisa Ann Dowling Taylor,**
Defendant-Appellant.

No. 83–8792.

United States Court of Appeals, Eleventh Circuit.

Jan. 16, 1985.

Robert E. Falligant, Jr., Julian H. Toporek, Savannah, Ga., for defendant-appellant.

Bobby F. Herndon, Savannah, Ga., for appellees.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS *, District Judge.

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

PER CURIAM:

This diversity action presents a question concerning the construction of O.C.G.A. §§ 33–27–3(a)(6)–(7), which are sections of Georgia's group life insurance statute. Because this question of state law appears to control the outcome of this action and there are no clear controlling precedents in the decisions of the Georgia Supreme Court, we shall certify the question to the Georgia Supreme Court pursuant to Rule 36 of the Georgia Rules of Appellate Procedure.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA, TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.

### (1) *Style of the Case*

The style of the case in which this certification is made is Republic National Life Insurance Company, plaintiff-appellee, versus Mrs. Jimmie Leigh Taylor, defendant-appellee and Lisa Ann Dowling Taylor, defendant-appellant, Case No. 83–8792, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Southern District of Georgia, Savannah Division.

### (2) *Procedural History*

This action for interpleader and declaratory relief was commenced by the appellee Republic National Life Insurance Company (Republic) because it could not determine which party was entitled to payment of the amount due on an insurance policy and could not pay the sum without being subjected to multiple liability. Mrs. Jimmie Leigh Taylor and Mrs. Lisa Ann Dowling Taylor filed answers and sought judgments in their favor. All of the parties to the suit filed motions for summary judgment. The district court of the Southern District of Georgia, Judge Edenfield presiding, granted Republic's and Mrs. Jimmie Leigh Taylor's motions. This appeal, filed by Mrs. Lisa Ann Dowling Taylor, followed.

### (3) *Statement of Facts*

The facts of this case are virtually undisputed. The decedent, William Kenneth Taylor, Jr., was employed by Gulfstream Corporation (Gulfstream) until he died on May 26, 1982. In 1980, two years prior to his death, the decedent had applied for and received coverage under Gulfstream's group life insurance plan which was carried by Provident Life and Accident Insurance Company (Provident). In order to obtain coverage, he completed an enrollment form provided by Provident which contained: (1) a request for coverage under the group policy issued by Provident; and (2) a designation of his mother, Mrs. Jimmie Leigh Taylor, as the beneficiary of his life insurance policy. *See Record* at 4.

On January 1, 1982, Republic replaced Provident as the carrier of Gulfstream's group life insurance policy. Gulfstream employees were informed of the new carrier and neither Gulfstream nor Republic requested Gulfstream's employees to complete a Republic beneficiary designation document or any other document to apply for the insurance. At an undetermined time, probably after Mr. Taylor's death, Republic accepted the Provident enrollment cards on file with Gulfstream as beneficiary designation documents.

Republic's regional group manager, who issued the group policy to Gulfstream, indicated by affidavit that Republic and Gulfstream agreed to accept the Provident enrollment cards on file with Gulfstream as beneficiary designation documents. In addition, he verified that this procedure was customary with Republic and other insurance companies whenever group policies were replaced. *Record* at 64.

The decedent married the appellant, Lisa Ann Dowling Taylor, on May 15, 1982, eleven days prior to his death. He did not attempt to designate a new beneficiary on his enrollment card prior to his death.

The appellant contended below and now asserts on appeal that the designation of beneficiary on the Provident enrollment card related only to insurance coverage by Provident and since there was no clear designation of beneficiary when her husband died, the Facility of Payment clause of the Republic Insurance contract should have controlled the manner in which the benefits were to be paid.[1]

Placing reliance on O.C.G.A. §§ 33–27–3(a)(6)–(7), the appellant argues that to allow the employer to act as an agent for its employee would directly conflict with the policy of the statute that protects the right of an insured to designate a beneficiary. The pertinent section of the statute provides:

(a) No policy of group insurance shall be delivered in this state unless it contains . . .:

. . . . .

(6) A provision that any sum becoming due by reason of the death of the person insured shall be *payable to the beneficiary designated by the person insured,* subject to the provisions of the policy . . . .

. . . . .

(7) A provision that the insurer will issue to the policyholder for delivery to each person insured an *individual certificate* setting forth a statement as to the insurance protection to which he is entitled, *the person to whom the insurance benefits are payable* . . . .

O.C.G.A. §§ 33–27–3(a)(6)–(7) (emphasis added).

In rejecting the appellant's contention, the district court primarily examined *Dawes Mining Co. v. Callahan,* 246 Ga. 531, 272 S.E.2d 267 (1981). The district court found that "the employer is the agent of the insurer for every purpose necessary to make effective the group policy." *Record* at 128. The court concluded that Gulfstream acted as the decedent's agent when it decided to replace the carrier of the policy and to submit the decedent's enrollment card as the beneficiary designation document. *Id.* Accordingly, the district court held that the decedent's mother, Mrs. Jimmie Leigh Taylor, was properly designated as the beneficiary of the decedent's life insurance policy. *Id.* at 129.

### (4) *Question to be Certified*

Where an employer changes the carrier of its group life insurance policy, and where its employees have not designated a beneficiary under the new policy, may the employer, under O.C.G.A. §§ 33–27–3(a)(6)–(7), act as the agent of its employees and authorize the new carrier to utilize forms from the prior insurer as beneficiary designation documents?

The phrasing used in the certified question is not to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Georgia and simultaneously to transmit copies of the certificate to the attorneys for the parties.

---

**1.** The Facility of Payment clause provided in pertinent part:

If, after the death of any Insured Individual, there is no beneficiary surviving to receive payment of the insurance, or if *no beneficiary shall have been clearly designated,* the company may, at its option but without any obliga-

tion to do so *pay such part of the insurance* as follows: *to the insured's wife or husband, if living* at the death of the insured; to the insured's surviving children, equally; if none survives, to the insured's surviving parents, equally. . . .

*Record* at 13 (emphasis added).